IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM LORENZO GOOLSBY, | * | |
| Claimant, | * | |
| v. | * | CASE NO. 5:07-cv-183 (CAR) |
| | * | Social Security Appeal |
| SOCIAL SECURITY ADMINISTRATION, *et al.*, | * | |
| Respondents. | * | |

## REPORT AND RECOMMENDATION

Before the court is the Defendant, Social Security Administration's, Motion to Dismiss Claimant's action, filed on January 22, 2008. (R-8). The Claimant was notified of his right to respond and did so after two extensions of time on April 11, 2008. (R-12).

## LEGAL STANDARDS FOR MOTION TO DISMISS

The standard for a Motion to Dismiss has recently been altered by the United States Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. At 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual

> allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. At 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## **Factual Background**

A review of the record submitted by the parties reveals that Claimant was awarded Supplemental Security Income beginning in 1979 for impairments defined as Schizophrenic,

Paranoid and Other Functions, Psychotic Disorders. (R- 8-7). In November 1993, Claimant's father began to receive social security retirement benefits, and, as such, Claimant was entitled to receive benefits as a disabled child. *Id.* At that time, Claimant stopped receiving supplemental security income benefits because his father's earnings exceeded the maximum income allowed under that program. *Id.* As such, Claimant began to receive social security disability benefits. Claimant's father thereafter passed away in 2002, but Claimant continued, and still continues, to receive social security disability benefits. At some point, Claimant's mother, Defendant Hazel Goolsby, was named his representative payee for purposes of receiving said benefits.

## Procedural History

The record reveals that on March 6, 2007, Claimant filed a civil action in the Magistrate Court of Bibb County, Georgia. (R- 1-2). In that suit, Claimant apparently alleged that the Social Security Administration failed to pay him the full amount of benefits to which he was entitled. *Id.* Claimant further contended that in 1994, money he received from a settlement in a federal lawsuit against the SSA entitled *Labelle v. Sullivan* was paid to his representative. (R- 1-2). In his original complaint, Claimant states that the money was withdrawn and put into another bank account. *Id.* at 3. Relevant exhibits establish that Claimant subsequently asserted that Ms. Goolsby received the money he received from the lawsuit but returned said money to the office of the SSA or the US Treasury Department. (R- 12-1). In 2004, Claimant requested and received an audit of his SSA records and it was determined that he was receiving the correct amount of benefits. (R- 8-7). Furthermore, the

3

SSA found no record of the lawsuit funds being returned to them. (R- 8-5).

On May 17, 2007, the Social Security Administration removed the case from the Magistrate Court of Bibb County to the United States District Court for the Middle District of Georgia, Macon Division. (R-1). Claimant was ordered by the court to show cause as to why the case should not be dismissed for failure to properly serve the complaint and summons upon the Commissioner of the Social Security Administration and the United States Attorney as required by Fed. R. Civ. P. 4(I). (R-3). Claimant then served the Commissioner, the US Attorney and Ms. Goolsby on November 20, 2007. (R-7). The current Motion to Dismiss was thereafter filed by the SSA. (R-8).

## DISCUSSION

The first issue which must be addressed is whether this Court has subject matter jurisdiction to review the Claimant's allegations. Subject matter jurisdiction for judicial review on claims arising under the Social Security Act (Act) is provided for and limited by 42 U.S.C. § 405(g) and (h), as well as 42 U.S.C. § 1383(c)(1). Under the Act, a court may **only** review a "final decision of the Secretary made after a hearing to which [the claimant] was a party." *Id.* (emphasis added). In order to obtain a "final decision," a claimant must follow the administrative procedures prescribed by the Commissioner. If a claimant does not exhaust these procedures, the claimant may obtain judicial review if he raises a constitutional claim. According to the United States Supreme Court "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore access to courts is essential to the decision of such questions. . . . [W]hen constitutional questions are in issue,

4

the availability of judicial review is presumed, and we will not take the 'extraordinary' step of foreclosing jurisdiction unless Congress' intent to do so is manifested by 'clear and convincing' evidence." *Califano v. Sanders*, 430 U.S. 104, 109, 97 S. Ct. 980, 986 (1977). Claimant, however, has not argued that the SSA's alleged failure to pay him the appropriate amount of disability benefits violated his constitutional rights, and, as such, judicial review at this juncture is not warranted.

What is clear is that Claimant has not demonstrated that he has received a final judgment from the SSA. A review of the record reveals that although Claimant has presented the court exhibits to show that following an audit of his social security records in 2003, he did complete a request for an administrative hearing regarding the Commissioner's finding that he was being paid the maximum amount of benefits to which he was entitled. (R-12-2, p. 5). Claimant has also submitted a copy of a completed 2004 request for reconsideration of the Commissioner's decision. *Id.* at 6. Claimant has not, however, established that any reconsideration or hearing ever occurred. At some point in late 2004 or early 2005, it appears that Claimant did file a civil rights complaint with the SSA claiming discrimination with regard to his request for a hearing based on his disability, race, age and sex. (R-12-2, p. 35-37). Claimant apparently alleged that he mailed his request for a hearing by certified mail to the SSA, but claimed that the letters were lost or stolen. *Id.* The SSA investigated Claimant's allegations and found no evidence to support his contentions. *Id.*

In his response to Defendant's Motion to Dismiss based on the court's lack of jurisdiction, Claimant make vague assertions that he has exhausted his claims heretofore and

that subject matter jurisdiction does exist in this case. Claimant, nonetheless, fails to provide any evidence which would establish that he exhausted the social security appeals process at the administrative level. Because there has been no evidence presented to demonstrate that there has been any final judgment issued by the Commissioner in this matter, it is found that Claimant has not exhausted his administrative remedies, a requirement to bringing this action in the United States District Court.[1]

WHEREFORE, it is hereby recommended that Defendant Social Security Administration's Motion to Dismiss be **GRANTED** and this case be **DISMISSED** without prejudice for the Claimant's failure to exhaust his administrative remedies. The Claimant may re-file his claim once the Commissioner has made a final decision in the matter.

Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED** this 23rd Day of May, 2008.

           S/ G. MALLON FAIRCLOTH
           UNITED STATES MAGISTRATE JUDGE

eSw

---

[1] Defendant SSA cites two additional grounds for dismissal in this action, but because this court is without the jurisdiction to review the case, discussion of those issues is unnecessary.