UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIAM LORENZO GOOLSBY,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | 5:07-CV-183 (CAR) |
| : | |
| **MICHAEL J. ASTRUE, Commissioner** : | |
| **of Social Security,** : | |
| : | |
| **Defendant.** : | |
| _____ | |

*ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION*

Currently before the Court is Plaintiff William Lorenzo Goolsby's Motion for Reconsideration [Doc. 18] of the Court's Order and Judgment adopting the Report and Recommendation of United States Magistrate Judge G. Mallon Faircloth and dismissing Plaintiff's case. The Court concluded that Plaintiff failed to establish that he exhausted his administrative remedies through the Social Security Administration, and therefore he did not obtain a "final decision" that could be subject to judicial review. Thus, the Court dismissed the action without prejudice to Plaintiff's right to re-file his claim once the Commissioner has made a final decision in the matter. Plaintiff has now filed a timely Motion asking this Court to reconsider its decision.

In the interests of judicial efficiency and finality of decisions, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Groover v. Michelin North America, Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). This Court's Local Rule 7.6 provides that motions for reconsideration should not be filed as a matter of routine practice, but only when "absolutely necessary." Reconsideration is appropriate "only if the movant

demonstrates [1] that there has been an intervening change in the law, [2] that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or [3] that the court made a clear error of law." McCoy v. Macon Water Authority, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).  "Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Groover, 90 F. Supp. 2d at 1256.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  McCoy, 966 F. Supp. at 1223.

Plaintiff's Motion for Reconsideration raises no relevant legal or factual issues that were not previously considered by the Magistrate Judge's Report and Recommendation and this Court's Order.   Moreover, Plaintiff has alleged no intervening change in the law, has presented no new evidence previously unavailable to the parties, and the Court is not persuaded that its original finding was erroneous.  Thus, Plaintiff's Motion for Reconsideration [Doc. 18] is **DENIED**.

**SO ORDERED**, this 10thday of November, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

SSH