UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM LORENZO GOOLSBY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:07-CV-183 (CAR) |
| | : | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

*ORDER ON PLAINTIFF'S MOTION FOR STAY PENDING APPEAL AND PERMISSION TO APPEAL IN FORMA PAUPERIS*

Currently before the Court are Plaintiff William Lorenzo Goolsby's Motion for a Stay Pending Appeal [Doc. 21] and Motion for Leave to Appeal *In Forma Pauperis* [Doc. 23]. For the following reasons, Plaintiff's Motions are **DENIED**.

On August 27, 2009, Judgment was entered dismissing Plaintiff's case without prejudice because he failed to establish that he exhausted his administrative remedies through the Social Security Administration, and therefore he did not obtain a "final decision" that could be subject to judicial review. Thirty-four days later, on September 30, 2009, Plaintiff filed motion for reconsideration, which this Court denied on November 10, 2009. On January 8, 2010, Plaintiff filed a notice of appeal to the Eleventh Circuit Court of Appeals. The notice of appeal was filed over four months after the

initial Judgment was entered in this case, and fifty-nine days after the Court entered its Order denying Plaintiff's motion for reconsideration.  Together with his notice of appeal, Plaintiff filed the Motions currently at bar requesting a stay of the Judgment pending appeal and to proceed on appeal *in forma pauperis*.

Motion for Stay of Judgment Pending Appeal

Plaintiff has filed a Motion to stay enforcement of the Judgment in this case pending his appeal to the Eleventh Circuit Court of Appeals.   Federal Rule of Civil Procedure 62(d) states:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2) [not applicable in this case]. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond.

When a party appeals a district court's judgment, the party is entitled to stay of a money judgment as a matter of right if he posts a bond under rule 62(d).  See United States v. Wylie, 730 F.2d 1401, 1402 n. 2 (11th Cir. 1984) (citations omitted).  In order to obtain a stay, the Court must determine: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies.  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

A stay is inappropriate in this case for several reasons.  First, Rule 62(d) is intended to apply to parties against whom a *money judgment* has been entered, and that party can obtain a stay so that he may avoid immediate payment of the judgment pending the outcome of his appeal.  In this case, the Court dismissed Plaintiff's social security claim for failure to exhaust administrative remedies, and no monies were awarded to Plaintiff.  Therefore, there is no reason for this Court to stay the Judgment pending appeal.  Second, in order for this Court to issue a stay, Rule 62(d) requires the judgment debtor to post a supersedeas bond issued by a surety company in a face value adequate to cover the judgment.  Again, because there is no monetary judgment in this case, this requirement cannot be met.  Finally, a stay is inappropriate because Plaintiff has not made an adequate showing that he is likely to succeed on the merits of his case.  Thus, Plaintiff's Motion for Stay Pending Appeal [Doc. 21] is **DENIED**.

<u>Motion to Proceed *In Forma Pauperis* on Appeal</u>

Plaintiff has also filed a Motion seeking permission to appeal this case *in forma pauperis*, which the Court lacks jurisdiction to grant because Plaintiff's notice of appeal is untimely.  A petitioner's notice of appeal must be filed within the time limits set forth in Federal Rule of Appellate Procedure 4.  Compliance with the requirements for filing a timely notice of appeal is both "mandatory and jurisdictional."  <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).  In this case, Plaintiff had sixty (60) days from the date

3

of Judgment to file his notice of appeal See Fed. R. App. P. 4(a)(1)(B) ("When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."). Although Plaintiff filed a timely motion for relief under Rule 60, the motion was filed on September 30, 2009, more than 28 days after entry of Judgment on August 27, 2009, and therefore it did not toll the period for filing a timely notice of appeal. See Fed. R. App. P. 4(a)(4)(A)(vi) (If a party timely files a motion for relief under Rule 60 and that motion is filed no later than 28 days after the judgment is entered, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion.").

Thus, at the latest, Plaintiff must have filed his notice of appeal by October 27, 2009, to be timely. Because Plaintiff did not file his notice of appeal until January 8, 2010, it was untimely, and the Eleventh Circuit Court of Appeals does not have jurisdiction to consider his appeal. See Coleman, 501 U.S. 722. Moreover, if a notice of appeal is untimely filed, the district court lacks jurisdiction to enter an order granting leave to appeal *in forma pauperis*. McDaniel v. Wainwright, 404 F.2d 352 (5th Cir. 1968).[1] Therefore, Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* [Doc. 23] is **DENIED**

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit prior to October 1, 1968.

4

for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Stay Pending Appeal [Doc. 21] and Motion for Leave to Appeal *In Forma Pauperis* [Doc. 23] are **DENIED**.

**SO ORDERED**, this 21st day of January, 2010

                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL, JUDGE
                                        UNITED STATES DISTRICT COURT
                                        MIDDLE DISTRICT OF GEORGIA

SSH